IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT CANNON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:07CV846-WKW |
| | ) | |
| | ) | |
| | ) | |
| ADVANCED DISPOSAL SERVICES | ) | |
| ALABAMA LLC d/b/a SUNFLOWER | ) | |
| WASTE, LLC | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## COMPLAINT

### I. JURISIDICTION

1. This is an action for legal and equitable relief to redress discrimination in employment on the basis of race. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, and 42 U.S.C. § 1981.

2. The Court has jurisdiction of the subject of this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1),1343(a)(4), 2201 & 2202, and 42 U.S.C. § 2000e-5(f)(3).

### II. PARTIES

3. Plaintiff, Robert Cannon, is an African-American citizen of the United States over the age of nineteen years. Plaintiff resides in Opelika, Alabama, which is located in Lee County. At all times relevant to this action, Plaintiff was an employee within the meaning of Section 701(f) of Title VII, 42 U.S.C. Sec.2000e(f).

4. Upon information and belief, Defendant Alabama Disposal Services Alabama LLC d/b/a Sunflower Waste LLC operates a business in this judicial district and division and is incorporated in the state of Delaware. Defendant is an employer within the meaning of Section 701(b) of Title VII, 42 U.S.C. Sec. 2000e(b).

### III.   ALLEGATIONS OF FACT

5. From January 23rd 2007 until March 9th 2007, the Plaintiff was an employee of Defendant; Plaintiff worked as a truck driver; the Defendant is engaged in the business of solid waste collection and disposal.

6. Plaintiff's terms and conditions of employment were tainted with racial discrimination. Plaintiff was subject to disparate treatment by management, and management's policies had a disparate impact on plaintiff due to his race. Ultimately, Plaintiff's employment was terminated due to his race, and Defendant falsified a non-racial reason for the termination.

7. The Plaintiff, as a truck driver, was required to submit to drug-testing by the Defendant. The Defendant submitted a specimen, collected on January 22, 2007, to St. Louis MRO, Inc., the company the Defendant uses to process the drug tests, which did not show the Plaintiff's name and was not signed by the testing company, but did show the Plaintiff's social security number. Said test showed a positive result for cocaine.

8. The Plaintiff was asked to submit another sample, by the Defendant, and the Plaintiff did so on February 12, 2007. The Plaintiff was suspicious that he was being targeted by the Defendant, thus the Plaintiff also submitted a sample to his personal physician as well.

9. Results from both St. Louis MRO, Inc. and Dr. Kent Klinner, Plaintiff's personal physician, showed negative results for the presence of drugs, regarding the February 12th 2007 sample. At no time while employed by the Defendant, nor in the months prior to Plaintiff applying for employment with Defendant, did the Plaintiff use any drugs.

10. Notwithstanding this, Defendant terminated the Plaintiff by falsely claiming that he had failed the drug screen.

11. Furthermore, Defendant slandered the Plaintiff, by falsely contending, to prospective employers, that Plaintiff had failed a drug screen. This defamation made the Plaintiff unemployable in his chosen field of employment.

12. The Plaintiff was, at all times, qualified for his position with the Defendant, was terminated without cause, and his position was, upon information and belief, filled by a non-minority employee.

13. Plaintiff was treated differently and ultimately terminated by Defendant due to his race in violation of Federal Civil Rights Laws.

14. Defendant's actions as alleged herein were committed with malice or with reckless indifference to the federally protected rights of Plaintiff.

15. As the proximate result of Defendant's unlawful conduct, Plaintiff has suffered, is continuing to suffer, and will in the future suffer, great and irreparable loss and injury, including but not limited to economic losses, humiliation, embarrassment, emotional distress and deprivation of his civil rights.

### IV.    CLAIM ONE – 703 OF TITLE VII AND 42 U.S.C. 1981

16. Plaintiff adopts and re-alleges Paragraphs 1-15 above, as if set out in full herein.

17. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, attached hereto as exhibit "A." The Plaintiff was given a dismissal and notice of rights on August 27th 2007, attached hereto as exhibit "B."

18. The conduct of Defendant violated Plaintiff's rights guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1981a, in particular, the right not to be discriminated against on the basis of race in discharge or with respect to terms, conditions and privileges of employment, 42 U.S.C. Sec. 2000e-2 (a) (1).

### V. CLAIM TWO-§ 1981

19. Plaintiff re-alleges paragraphs 1-18 as if set forth here in full.

20. The conduct of Defendant violated Plaintiff's rights guaranteed by the Civil Rights Act of 1866, as amended, 42 U.S.C § 1981, and the Civil Rights Restoration Act of 1991, which prohibits discrimination in employment with regard to race and mandates the enforcement of contracts without regard to race.

### VI. CLAIM THREE-SLANDER

21. Plaintiff re-alleges paragraphs 1-20 as if set forth here in full.

22. In April 2007, the Defendant slandered the Plaintiff by publishing a false and defamatory statement of and concerning the Plaintiff to wit: Defendant falsely indicated to a prospective employer of the Plaintiff that the Plaintiff had previously tested positive for drug use.

23. As a result of not securing the employment sought with Ann Dora's, the prospective employer, Plaintiff was forced to accept employment at a lower rate of pay and suffered economic, as well as, emotional damages.

24. Plaintiff claims mental anguish and emotional distress as a result of the slander by the Defendant.

25. Plaintiff claims punitive damages of the Defendant because Defendant published said statement with malice and with knowledge of its falsity or with gross and reckless disregard of its falsity.

### VII. CLAIM FOUR-FRAUD

26. Plaintiff re-alleges paragraphs 1-25 as if set forth here in full.

27. After being unjustly terminated by Defendant, Plaintiff applied for other employment with prospective employers.

28. One prospective employer, Ann Dora's, received a false representation from Defendant that Plaintiff had failed a drug test.

29. This representation was false and Defendant knew it was false, or was false and Defendant made the misrepresentation with reckless disregard of its falsity, or was false and made by Defendant by mistake, but with the intention that prospective employers would rely on it.

30. Plaintiff was among the class of persons Defendant intended to rely on the misrepresentation and thus, under Alabama Law, has demonstrated detrimental reliance, even though the statement was not made directly to Plaintiff.

31. As a proximate result of Defendant's fraud, Plaintiff has suffered damages, including lost wages, other economic damages, and emotional damages, including mental anguish.

32. Plaintiff claims punitive damages of the Defendant due to the intentional nature of said fraud.

## VIII. <u>CLAIM FIVE-FRAUD</u>

33.  Plaintiff re-alleges paragraphs 1-32 as if set forth here in full.

34.  Defendant represented to Plaintiff that it would take a specimen from Plaintiff for drug testing that would be properly submitted, tested, and reported.

35.  The Defendant's obvious intention was to falsify the results as a subterfuge to terminate the Plaintiff's employment.

36.  The representations by Defendant, regarding the drug-testing, were false and Defendant knew they were false, were false, and were made by Defendant with reckless disregard of their falsity, or were false, and made by mistake, but with the intention that Plaintiff rely on them.

37.  Plaintiff detrimentally relied on the misrepresentations by submitting the drug samples and by accepting the employment position.

38.  As a proximate result of Defendant's fraud, Plaintiff suffered damages as outlined in this complaint, <u>supra</u>.

## VII.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays that the Court will grant him the following relief:

A.   Issue a declaratory judgment declaring that the wrongs complained of herein violate the rights of Plaintiff guaranteed by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et</u> <u>seq</u>., and 42 U.S.C. § 1981.

B.   Enter a permanent injunction or other injunctive relief-enjoining Defendant from maintaining or continuing any customs, policies, patterns, practices or actions which operate to discriminate on the basis of race.

  **C.** Awarding Plaintiff compensatory and punitive damages, including pre-judgment interest.

  **D.** Retain jurisdiction of this action for a sufficient time to ensure full compliance with the remedial decree requested herein.

  **E.** Award Plaintiff his costs incurred in this case, together with reasonable attorneys fees and pre-judgment interest, pursuant to applicable federal law.

  **F.** Grant such additional and further relief as the Court may deem just and equitable under the circumstances.

Respectfully submitted this the 18th day of September, 2007.

              _____
              James B. Douglas, Jr.
              Attorney for Plaintiff
              McNeal & Douglas, Attorneys at Law. L.L.C.
              Ala. Bar. #8935-u83j
              P.O. Box 1423
              Auburn, Alabama, 36831
              334-821-6401

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by struck jury.

Respectfully submitted this 18th day of September, 2007.

              _____
              James B. Douglas, Jr.
              Attorney for Plaintiff

EXHIBIT "A"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form.

AGENCY: [ ] FEPA  [x] EEOC

CHARGE NUMBER: _____

_____ and EEOC
*State or local Agency, if any*

NAME (Indicate Mr., Ms., Mrs.): Mr. Robert Cannon
HOME TELEPHONE (Include Area Code): 334.749.8714

STREET ADDRESS / CITY, STATE AND ZIP CODE: 426B Tommer Court, Opelika, AL 36801
DATE OF BIRTH: 12-5-59

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

NAME: Sunflower Waste, LLC
NUMBER OF EMPLOYEES, MEMBERS: 
TELEPHONE (Include Area Code): 334.252.0458

STREET ADDRESS / CITY, STATE AND ZIP CODE: 115 Herrin Hill Road, Tallassee, AL 36078
COUNTY: Macon

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)):
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE
[ ] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On March 9, 2007, I was unjustly terminated by Sunflower Waste, LLC. I believe my termination was based upon race, because the reason I was given, failure of a drug screen, was false. Sunflower Waste, LLC falsified and fabricated the reason for my termination, as I have documented proof that my drug screen, for which Sunflower Waste, LLC, claims I was terminated, was in fact, negative. I was qualified to perform the work I was doing, I was terminated unjustly, and, upon information and belief, the person who took over my duties was not a minority. Therefore, I believe my termination was based on my race.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 5-14-07
Charging Party (Signature): Robert Cannon

SIGNATURE OF COMPLAINANT: Robert Cannon

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year): 14, MAY 2007

EEOC FORM 5 (10/94)

EEOC Form 161 (3/98)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Robert Cannon<br>426B Tommer Court<br>Opelika, AL 36801 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street, South<br>Birmingham, AL 35205 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2007-03001 | Ollie M. Croom,<br>Investigator | (205) 212-2140 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____      8/27/7
Delner Franklin-Thomas,     (Date Mailed)
District Director

Enclosures(s)

cc:    Sunflower Wast LLC                James B. Douglas, Jr., Attorney
       115 Herrin Hill Road                  McNeal & Douglas
       Tallassee, AL 36078                  Post Office Box 1423
                                                       Auburn, AL 36630

       J. Tobias Dykes, Attorney
       Constangy, Brooks, & Smith LLC
       One Federal Place
       1819 Fifth Avenue, North Suite 900
       Birmingham, AL 35203

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do *not* relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000488
Cashier ID: brobinso
Transaction Date: 09/18/2007
Payer Name: MCNEAL AND DOUGLAS ATTYS
----------------------------------------
CIVIL FILING FEE
 For: MCNEAL AND DOUGLAS ATTYS
 Case/Party: D-ALM-3-07-CV-000846-001
 Amount:        $350.00
----------------------------------------
CHECK
 Check/Money Order Num: 8602
 Amt Tendered: $350.00
----------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

307CV846-WKW CANNON V. ADVANCED
DISPOSAL SVCS
```