**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| ROBERT CANNON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ADVANCED DISPOSAL )<br>SERVICES ALABAMA L.L.C., )<br>d/b/a SUNFLOWER WASTE )<br>L.L.C., )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>3:07cv846-wkw |

## ANSWER TO COMPLAINT

Defendant Advanced Disposal Services Alabama LLC, d/b/a Sunflower Waste LLC, answers plaintiff's Complaint as follows:

### I.   JURISDICTION

1.   Defendant admits that plaintiff brings this action seeking legal and equitable relief under Title VII of the Civil Rights Act and 42 U.S.C. § 1981. Defendant denies that it has committed any unlawful actions and further denies that it has violated Title VII or 42 U.S.C. § 1981.

2.   Defendant admits that plaintiff claims that the Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1342(a)(4), 2201 & 2202 and 42 U.S.C.

267146.1

§ 2000e-5(f)(3). Defendant denies that it has committed any unlawful employment actions.

## II. PARTIES

3. Defendant admits that plaintiff is an African-American citizen and that he is over the age of 19. Defendant further admits that plaintiff was an employee within the meaning of Section 701(f) of Title VII, 42 U.S.C. § 2000e(f). Defendant denies the remaining allegations contained in paragraph 3. Defendant further denies that it committed any violations of Title VII or that it committed any other unlawful employment actions.

4. Defendant admits that it operates a business in this judicial district and division. Defendant further admits that it is incorporated in the State of Delaware. Defendant also admits that it is an employer within the meaning of Section 701(b) of Title VII, 42 USC § 2000e(b). Defendant denies the remaining allegations contained in paragraph 4. Defendant further denies that it committed any violations of Title VII or that it committed any other unlawful employment actions.

## III. ALLEGATIONS OF FACT

5. Defendant admits that it hired plaintiff on January 22, 2007, and that plaintiff worked for defendant until his discharge on March 9, 2007. Defendant admits the remaining allegations contained in paragraph 5 of the Complaint.

6. Defendant admits that plaintiff's employment was terminated for failing a drug test. Defendant denies the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendant admits that, as a truck driver, plaintiff was required to submit to drug testing. Defendant further admits that defendant collected a specimen from plaintiff on January 22, 2007, and that the specimen was submitted to St. Louis MRO, Inc. for testing. Defendant also admits that plaintiff's specimen tested positive for cocaine. Additionally, defendant admits that the testing results contained plaintiff's name and social security number. Defendant denies the remaining allegations contained in paragraph 7 of the Complaint.

8. Defendant admits that plaintiff submitted another sample for testing on February 12, 2007. Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 8 of the Complaint, so they are denied.

9. Defendant admits that the testing from the February 12, 2007 sample showed a negative result for the presence of drugs. Defendant denies the remaining allegations contained in paragraph 9 of the Complaint.

10. Defendant admits that it terminated plaintiff's employment on March 9, 2007, for failing his drug test. Defendant denies the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint. Defendant further denies that plaintiff suffered any damages.

### IV. CLAIM ONE – 703 OF TITLE VII AND 42 U.S.C. § 1981

16. Defendant adopts and re-asserts its answers to paragraphs 1-15 of the Complaint.

17. Defendant admits that plaintiff filed a Charge of Discrimination on or about May 14, 2007. Defendant further admits that the EEOC issued a no cause finding on August 27, 2007.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint. Defendant further denies that it committed any unlawful employment practices.

## V.     CLAIM TWO - § 1981

19.     Defendant adopts and re-asserts its answers to paragraphs 1-18 of the Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of the Complaint. Defendant further denies that it committed any unlawful employment practices.

## VI.     CLAIM THREE – SLANDER

21.     Defendant adopts and re-asserts its answers to paragraphs 1-20 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 23 of the Complaint; therefore, those allegations are denied. Defendant further denies that plaintiff suffered any damage.

24.     Defendant admits that plaintiff claims mental anguish and emotional distress. Defendant denies plaintiff suffered any mental anguish or emotional distress as a result of its conduct.

25.     Defendant admits that plaintiff seeks punitive damages. Defendant denies that plaintiff is entitled to recover punitive damages or that it committed any conduct that would entitle plaintiff to recover punitive damages.

## VII. CLAIM FOUR- FRAUD

26. Defendant adopts and re-asserts its answers to paragraphs 1-25 of the Complaint.

27. Defendant denies that plaintiff was unjustly terminated. Defendant is without sufficient information to either admit or deny the remaining allegations contained in paragraph 27 of the Complaint; therefore, those allegations are denied.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in paragraph 31 of the Complaint. Defendant further denies that plaintiff suffered any damages.

32. Defendant admits that plaintiff seeks punitive damages. Defendant denies that plaintiff is entitled to recover punitive damages or that it committed any conduct that would entitle plaintiff to recover punitive damages.

## VIII.  <u>CLAIM FIVE – FRAUD</u>

33. Defendant adopts and re-asserts its answers to paragraphs 1-32 of the Complaint.

34. Defendant admits that it provided plaintiff with its drug testing procedure and that it followed its drug testing procedure.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.  Defendant further denies that plaintiff suffered any damages.

39. The remainder of the Complaint consists of a prayer for relief which requires neither admission nor denial.  To the extent the prayer for relief is construed to allege some violation of Title VII or 42 U.S.C. § 1981 or some other wrongful conduct, said construction is denied.  Advanced Disposal denies any allegations or inferences of wrongdoing or illegality and denies that plaintiff is entitled to any relief whatsoever.

30. Any Complaint allegations not expressly admitted herein are hereby denied in their entirety.

### DEFENSES AND AFFIRMATIVE DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's claims are barred for his failure to exhaust his administrative prerequisites for filing suit.

### Third Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### Fourth Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and unclean hands.

### Fifth Defense

All actions taken by defendant were based on legitimate, non-discriminatory reasons that were not pretextual.

### Sixth Defense

All actions taken were for good cause and in good faith and were based on reasonable factors other than race.

### Seventh Defense

Plaintiff's race was not a factor, determinative or otherwise, in any decision regarding him.

### Eighth Defense

Even if plaintiff's race was a factor in any of defendant's decisions, which defendant denies, the same decision(s) would have been made regardless of his race.

### Ninth Defense

To the extent plaintiff has failed to mitigate his damages, he is barred from recovering from defendant.

### Tenth Defense

Plaintiff is not entitled to any award of punitive damages in that defendant has implemented and maintained policies and practices designed and intended to prevent discrimination.

### Eleventh Defense

Plaintiff is not entitled to punitive damages, and damages sought are subject to the limits set by 42 U.S.C. § 1981a and Ala. Code § 6-11-21.

### Twelfth Defense

Plaintiff's claim for punitive damages fails because he cannot prove that defendant acted maliciously or with callous disregard for his rights.

### Thirteenth Defense

Plaintiff's claims are barred to the extent that defendant has been unduly prejudiced by plaintiff's failure to diligently pursue his claim against defendant.

### Fourteenth Defense

Defendant denies that it has been guilty of any kind of conduct that entitles plaintiff to recover punitive damages and further denies that plaintiff is entitled to punitive damages.

### Fifteenth Defense

Portions of the Complaint are beyond the scope of the EEOC Charge.

### Sixteenth Defendant

Defendant avers that any award of punitive damages to plaintiff in this case would be violative of the constitutional safeguards provided to defendant under the Constitution of the State of Alabama and under the Constitution of the United States of America.

### Seventeenth Defense

The Complaint fails to state a claim for punitive damages under Ala. Code §§ 6-11-20 to 6-11-30, 1975, and is barred.

**Eighteenth Defense**

Plaintiff's fraud claim is due to be dismissed because plaintiff did not state the averments of alleged fraud or the circumstances constituting the alleged fraud with particularity.

**Nineteenth Defense**

Plaintiff did not reasonably rely on any statements or actions of defendant.

Wherefore, having fully answered the Complaint, defendant requests that the Complaint be dismissed with prejudice; that judgment be entered for defendant; and that defendant be awarded its attorneys' fees herein, plus other such general and equitable relief as this Court deems just and appropriate.

Respectfully Submitted,

*/s/ J. Tobias Dykes*
J. Tobias Dykes (ASB-0483-E66J)
Direct Dial No.: (205) 226-5469
CONSTANGY, BROOKS & SMITH, LLC
Suite 900, One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Facsimile:   (205) 323-7674

267146.1

## CERTIFICATE OF SERVICE

      I hereby certify that on October 10, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James B. Douglas, Jr.
McNeal & Douglas, Attorneys at Law, L.L.C.
P.O. Box 1423
Auburn, Alabama 36831


          */s/ J. Tobias Dykes*
          J. Tobias Dykes