IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT CANNON,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. |
| **ADVANCED DISPOSAL** | ) | 3:07cv846-wkw |
| **SERVICES ALABAMA L.L.C.,** | ) | |
| **d/b/a SUNFLOWER WASTE** | ) | |
| **L.L.C.,** | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT OF PARTIES' RULE 26(f) PLANNING MEETING

1.   Pursuant to Fed. R. Civ. P. 26(f), a meeting was held by telephone on Thursday, October 25, 2007, and was attended by:

James B. Douglas, Jr. - attorney for the plaintiff; and

J. Tobias Dykes, Esq. - attorney for the defendant Advanced Disposal Alabama L.L.L. d/b/a Sunflower Waste L.L.C.

2.   **Synopsis Of The Case.**

**Plaintiff's Claim**.  Plaintiff claims defendant terminated his employment because of his race.  Plaintiff further claims that defendant slandered him by making false statement about his failing a drug test and that defendant committed

281472.1

1

fraud informing prospective employer's that he had failed a drug test and by intentionally falsifying the results of the drug test.

**Defendant's Defenses**. Defendant denies plaintiff's allegations and contends that plaintiff's employment was terminated because he failed a drug test. Defendant further defends that it made no false statements regarding plaintiff and that it committed no acts of fraud. Defendant adopts the affirmative defenses contained in its Answer.

3.   Pre-discovery Disclosures. The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by **December 14, 2007**.

The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on plaintiff's claims, defendant's affirmative defenses, and the damages claimed by the plaintiff.

All discovery should be commenced in time to be completed by **August 22, 2008**.

**Interrogatories (Responses due 30 days after service)**

Maximum of 30 interrogatories. Plaintiff may submit a total of 30 interrogatories to defendant, including discrete subparts; and defendant may submit a total of 30 interrogatories to plaintiff, including discrete subparts, without prior approval of the Court.

**Requests for Production of Documents (Responses due 30 days after service)**

Maximum of 30 requests for production. Plaintiff may submit a total of 30 requests for production to defendant, including discrete subparts; and that defendant may submit a total of 30 requests for production to plaintiff, including discrete subparts, without prior approval of the Court.

**Requests for Admissions (Responses due 30 days after service)**

Maximum of 15 requests for admissions. Plaintiff may submit a total of 15 requests for admissions to defendant, including discrete subparts; and that defendant may submit a total of 15 requests for admissions to plaintiff, including discrete subparts, without prior approval of the Court.

**Depositions**

Depositions shall be limited to a maximum of seven (7) hours each unless extended by agreement of the parties or by direction of the Court.

Maximum of 8 depositions

4. Reports from retained experts under Rule 26(a) (2) due:

From the plaintiff by **February 8, 2008**; and

From the defendant by **March 7, 2008**.

Supplementation under Rule 26(e), no later than 30 days before trial.

5. Other Items:

a. The deadline for plaintiff to execute a HIPAA Authorization is **December 14, 2007**.

b. The parties do not request a conference with the Court prior to the entry of the Scheduling Order.

c. The plaintiff should be allowed until **January 11, 2008**, to join additional parties and to amend the pleadings.

d. The defendant should be allowed until **March 7, 2008**, to join additional parties and to amend the pleadings.

e. All potentially dispositive motions should be filed by **July 11, 2008**.

f. Settlement cannot be realistically evaluated prior to at least some discovery.

g. The parties request a final pretrial conference on **September 17, 2008**.

g. Final lists of trial evidence under Rule 26(a)(3) should be exchanged 30 days before trial. The parties also agree to a 14-day period within which to file their written objections to exhibits and witnesses.

h. The case should be ready for trial by **October 20, 2008**, and at this time, is expected to take approximately 2-3 days.

| | |
|---|---|
| *s/ James B. Douglas, Jr.* | *s/ J. Tobias Dykes* |
| James B. Douglas, Jr. | J. Tobias Dykes (ASB-0483-E66J) |
| McNeal & Douglas, Attorneys at Law, L.L.C. | E-mail: tdykes@constangy.com |
| | Direct Dial No.: (205) 226-5469 |
| P.O. Box 1423 | CONSTANGY, BROOKS & SMITH, LLC |

281472.1

4

| | |
|---|---|
| Auburn, Alabama 36831 | Suite 900, One Federal Place<br>1819 Fifth Avenue North<br>Birmingham, AL 35203<br>Facsimile:  (205) 323-7674 |

281472.1

5