IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT CANNON,                )
                              )
        PLAINTIFF,            )
                              )
                              )
v.                            )     CIVIL ACTION NO.
                              )          3:07cv846-wkw
                              )
                              )
                              )
ADVANCED DISPOSAL SERVICES)
ALABAMA LLC d/b/a             )
SUNFLOWER WASTE, LLC          )
                              )
        DEFENDANT.            )


PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT


    Robert Cannon, Plaintiff in this action, filed

a Complaint against Advanced Disposal Services

Alabama, L.L.C., d/b/a Sunflower Waste, L.L.C.,

alleging violations of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. § 1981 and state

common law claims of slander and fraud.  On July

11, 2008, Defendant filed a Motion for Summary Judgment and this Brief in Opposition follows.

## STATEMENT OF FACTS

Robert Cannon was hired as a driver for the Defendant on January 22, 2007; the Defendant is in the business of garbage transport and disposal. (Cannon depo. p. 63 ll. 21-23; Beasley depo. p. 14 ll. 21-23). The Plaintiff submitted a urine sample to the Defendant that same day. (Cannon depo. p. 77 ll. 12-14).

The purported result of said drug test, according to the Defendant, which indicated a positive result for cocaine, did not contain the Defendant's name, instead it contained the name "Robert Ranyon." (Cannon depo. Ex. 10). Furthermore, the purported result was not signed by a medical review officer. Id. It is not disputed that Mr. Cannon denies having used cocaine on January 22, 2007, or anytime in that time frame.

Mr. Cannon was not terminated as a result of the above referenced test, at that time. Instead, he was re-tested on February 12, 2007, and the results were negative for any drugs. (Cannon depo. Ex. 11). Feeling suspicious of Defendant's motive, Plaintiff had a private physician perform a drug test, which was also negative for any drugs, on February 17, 2007. (Cannon depo. Ex. 12).

Mr. Cannon testified that his purpose in getting a private drug test was his suspicion that his supervisor, Danny Futral, favored a Caucasian employee, Coke Conway, to take over Mr. Cannon's job driving a truck. (Cannon depo. p. 85 ll. 1-3). Mr. Cannon was fired March 9, 2007, by Mr. Futral, for allegedly failing a drug screen, although both the test Mr. Futral ordered and Mr. Cannon's private test were both negative. (Cannon depo. p. 76 ll. 13-23, p. 87, ll. 1-12).

After his termination, Mr. Cannon applied for other jobs, particularly with Ann Dora's Custom

Wrought Iron and was denied employment there, due
to the Defendant's publication to Ann Dora's that
Mr. Cannon had failed a drug test.  (Cannon depo.
p. 105 ll. 22-23, p. 106 ll. 1-14, and Ex. 19).  It
is not disputed that this report was made to Ann
Dora's.

## ARGUMENT

Summary judgment is appropriate only "if the
pleadings, depositions, answers to interrogatories,
and admissions on file, together with the
affidavits, if any, show that there is no genuine
issue as to any material fact and that the moving
party is entitled to a judgment as a matter of
law." Fed. R. Civ. P. 56(c).  Under Rule 56, the
party seeking summary judgment must first inform
the court of the basis for the motion, and the
burden then shifts to the non-moving party to
demonstrate why summary judgment would not be
proper.  Celotex Corp. v. Catrett, 477 U.S. 317,
323, 106 S. Ct. 2548, 2553 (1986); see also

<u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1115-17 (11th Cir. 1993) (discussing burden-shifting under Rule 56). The non-moving party must affirmatively set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials in the pleadings. Fed. R. Civ. P. 56(e).

The court's role at the summary-judgment stage is not to weigh the evidence or to determine the truth of the matter, but rather to determine only whether a genuine issue exists for trial. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511 (1986). In doing so, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

### 1.  Title VII and §1981 Claims

Mr. Cannon first claims that the Defendant violated his civil rights under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981.  Mr. Cannon claims that he was terminated from his employment by the Defendant due to his race and that the Defendant used, as a pretext, an inaccurate drug test result, to justify the termination.

In order to make a prima facia case on his discriminatory discharge claim, Mr. Cannon must show the following: (1) he is a member of a protected class; (2) he was qualified for his job; (3) he was discharged despite his qualification; and, (4) there is some additional evidence that would allow an inference of discrimination. Nix v. WLCY Radio/Rahall Communications, 738 F.2d 1181, 1185 (11th Cir. 1984).

Obviously, Mr. Cannon, an African-American, is a member of a protected class.  The Defendant

argues he was not qualified for his job due to the failed drug report of January 22, 2007. However, Mr. Cannon testified that he was not under the influence of drugs at that time.

That, coupled with the fact that the report did not contain the Plaintiff's name and was not properly attested, could lead a reasonable jury to conclude that Mr. Cannon did not test positive for drugs on that occasion. As such, Mr. Cannon would have been qualified for the job and satisfied the second element listed <u>supra</u>.

Lastly, the Alabama Department of Industrial Relations made a final determination that Mr. Cannon was <u>not</u> terminated for cause, which the testing of illegal drugs would have been. (See Exhibit C attached).

It is undisputed that Mr. Cannon was discharged. The fourth element requires some evidence of discrimination. Mr. Cannon's testimony that Mr. Futral favored Coke Conway, a white

employee for his job, and Mr. Cannon's testimony
that Mr. Conway took over his job is sufficient to
allow an inference of discrimination.(See Nix at
1185, indicating that being replaced by an employee
who is not a member of the protected class will
suffice to create an inference of discrimination).
Therefore, the Plaintiff has made a prima facia
case for discriminatory discharge, and the
Defendant's motion is due to be denied as to Mr.
Cannon's Title VII and §1981 claims.

## 2. Slander

In order to establish a defamation claim under
Alabama Law, a Plaintiff must show that a false
statement was published by the Defendant, at least
negligently, which caused damages to the Plaintiff.
See Nelson v. Lapeyrouse Grain Corp., 534 So.2d
1085, 1091 (Ala. 1988).  Defendant argues it can
avail itself of the "truth" defense as to Mr.
Cannon's claim because it only published, that Mr.

Cannon was "terminated" for failing a drug test, to Ann Dora's.

However, as discussed _infra_, a reasonable jury could conclude that Mr. Cannon did not fail the January 22, 2007 drug screen. Should such be the case, the statement published by the Defendant would be false.

As it is undisputed that Mr. Cannon suffered economic harm resulting from this publication, he has made his prima facia case for defamation. Furthermore, the Defendant's contention that it is entitled to a "privilege" regarding its false communication, is without merit. Such would only be the case if the communication were true. Neither 49 C.F.R., 40.25 nor the cases cited by Defendant provide legal protection for publishing a defamatory statement.

### 3. FRAUD AND PROMISSORY FRAUD

To make a prima facia claim of fraud, under Alabama Law, the Plaintiff must show: (1) a false

representation, (2) of a material fact, (3) reasonably relied upon by the claimant, and (4) damages resulting therefrom.  <u>United Land Corp. v. Drummand Co., Inc.</u>, ___So.2d___, 2008 WL 615915 (Ala. 2008).

The false representation is the communication to Ann Dora's.  The only other issue is can Mr. Cannon reasonably rely on said representation when the communication is made to a third party.  The Alabama Supreme Court has held that a claimant may do so if he is among the "class of persons" that the person making the representation is aware will rely on the representation.  <u>See</u> <u>Colonial Bank of Alabama v. Ridley Schweigert</u>, 551 So.2d. 390 (Ala. 1989).  Mr. Cannon, as a former employee, is a member of a class of persons who rely on these types of statements in seeking future employment.

To make a claim of promissory fraud, a Plaintiff must show that the Defendant did not intend to perform as promised.  It is not disputed

that the Defendant in the case sub judice never intended to report to Ann Dora's that Plaintiff did not fail a drug test.  As such, the additional element of promissory fraud has been met.

<u>CONCLUSION</u>

Based on the foregoing, Plaintiff moves this Court deny Defendant's Motion for Summary Judgment.

Respectfully submitted this the 1st day of August, 2008.

```
                            /s/ James B Douglas, Jr.
                           James B. Douglas, Jr.
                           Attorney for Plaintiff
                           ALA BAR NO: 8935-U83J
                           P.O. Box 1423
                           Auburn, AL  36831-1423
                           (334) 821-1596
```

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a copy of the above and foregoing, by use of this Court's electronic mailing system, on this the 1st day of August, 2008.

J. Tobias Dykes
Constangy, Brooks & Smith, LLC
One Federal Place

Suite 900
1819 Fifth Avenue North
Birmingham, AL 35203

                              __/s/ James B Douglas, Jr._
                              James B. Douglas, Jr.