IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ROBERT CANNON,                    )
                                  )
          PLAINTIFF,              )
                                  )
                                  )
v.                                )     CIVIL ACTION NO.
                                  )          3:07cv846-wkw
                                  )
                                  )
                                  )
ADVANCED DISPOSAL SERVICES)
ALABAMA LLC d/b/a          )
SUNFLOWER WASTE, LLC       )
                                  )
          DEFENDANT.              )


**EVIDENTIARY SUBMISSION IN SUPPORT OF PLAINTIFF'S
BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**


COMES NOW the Plaintiff, and files the

following Evidentiary Submission in Support of his

Brief in Opposition to Defendant's Motion for

Summary Judgment.  The submission is as follows:

1.  Exhibit A – Deposition Excerpts and Exhibits of

the Deposition of Robert Cannon.

2.  Exhibit B - Deposition Excerpts of the
Deposition of Sherry Beasley.

3.  Exhibit C - Decision on Unemployment
Compensation Claims.

       Respectfully submitted this the 1st day of
August, 2008.

                                    _/s/ James B Douglas, Jr._____
                                    James B. Douglas, Jr.
                                    Attorney for Plaintiff
                                    ALA BAR NO: 8935-U83J
                                    P.O. Box 1423
                                    Auburn, AL  36831-1423
                                    (334) 821-1596


                      CERTIFICATE OF SERVICE

       I hereby certify that I have served a copy of
the above and foregoing, by use of this Court's
electronic mailing system, on this the 1st day of
August, 2008.

J. Tobias Dykes
Constangy, Brooks & Smith, LLC
One Federal Place
Suite 900
1819 Fifth Avenue North
Birmingham, AL 35203


                          __/s/ James B Douglas, Jr._

James B. Douglas, Jr.

# EXHIBIT A

# DEPOSITION EXCERPTS AND

# EXHIBITS OF

# ROBERT CANNON

63

```
 1            that I'm right.  Looking back at
 2            Defendant's Exhibit 1 -- This is your name
 3            on Defendant's Exhibit 1 as Robert Cannon?
 4    A.      Uh-huh (positive response).
 5    Q.      And this is your social security number on
 6            Defendant's Exhibit 1?
 7    A.      Uh-huh (positive response).
 8    Q.      And that's a positive drug test for
 9            cocaine; is that right?
10    A.      That's what I see.  Uh-huh (positive
11            response).
12    Q.      Okay.
13                    (Off-the-Record discussion.)
14                    MR. DYKES:  If y'all want to take
15                        a quick break.  I'm fixing to
16                        get into his Advanced Disposal
17                        employment.
18                    MR. DOUGLAS:  No.  Let's roll on.
19                    MR. DYKES:  Okay.
20                    (Off-the-Record discussion.)
21    Q.      When did you start working for Advanced
22            Disposal?
23    A.      January 23, '07.
```

 1   A.   Yes, that's it.

 2   Q.   Do you have any complaints about being

 3        required to complete this form to give a

 4        urinalysis test?

 5   A.   Say again.

 6   Q.   Do you have any complaints about Advanced

 7        Disposal requiring you to take a urinalysis

 8        test when you were hired?

 9   A.   Did I have any complaints?

10   Q.   Yeah.

11   A.   No.

12   Q.   Did you give a urinal -- urine sample on

13        January 22, 2007?

14   A.   Yes.

15   Q.   Did you ever see the results of -- or the

16        test results from that urine sample?

17   A.   From this one?

18   Q.   Yes.

19   A.   No.  Talking about did I see it after he

20        gave me the test or did I ever see it?

21   Q.   Did you ever see it while you worked for

22        Advanced Disposal --

23   A.   No.







3895 Jeffco Boulevard
Arnold, Missouri 63010
636/552.4099

**ATTENTION:**

Tom Davis
Advanced Disposal Services, Inc. - Del
9798 Normandy Blvd
Jacksonville, FL 32221

Participant: Robert Ranhon
Other ID:
SSN: 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

### Results of DOT Controlled Substance Test

| | |
|---|---|
| Record Status: Positive | Laboratory: Quest Diagnostics |
| Test Type: Pre-Employment | 506 E State Parkway |
| Collection Date/Time: 01/22/2007  2:49 PM | Schaumburg, IL 60173 |
| Batch ID: 20070202 | Collection Site: TALLASSEE FAMILY CARE |
| Specimen ID: 51742560 | 115 HERON HILL ROAD |
| Date COC Received: 01/22/2007 | TALLASSEE, AL  36078 |
| Sample Type: Urine | Specimen Collector: JANE S BELLEW |

| Substance Tested | Result | Substance Tested | Result |
|---|---|---|---|
| Amphetamines | Negative | Cocaine | POSITIVE |
| Marijuana | Negative | Phencyclidine | Negative |
| Opiates | Negative | | |

MRO UNABLE TO CONTACT
TEST IS POSITIVE:
COCAINE



Horacio Manafort M.D. MRO

2/2/2007
Verification Date

Feb 12, 2007

Results for Robert Ranhon, Other ID: (SSN: 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)

Printed on 2/2/2007 at 6:56:42PM

CONFIDENTIAL
ADS / CANNON
0028

This fax was received by GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

03/28/2007  14:24   3347456783                       OPELIKA HOUSING AUTH                    PAGE  05/05
MAR-13-07   07:47AM   FROM-ST LOUIS MRO INC            6565322867              T-812  P.001/001  F-323

ATTN:
—MS. PULLUM

**St. Louis**
**MRO, Inc.**

THIS IS THE COMPANY DRUG SCREEN

3895 Jeffco Boulevard
Arnold, Missouri 63010
636/582.4099



DEFENDANT'S
EXHIBIT
11

ATTENTION:
Tom Davis
Advanced Disposal Services, Inc. - Dot                    Participant: Robert Cannon
9798 Normandy Blvd                                        Other ID:
Jacksonville, FL 32221                                    SSN: 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

## Results of DOT Controlled Substance Test

Record Status: Negative                          Laboratory: Quest Diagnostics
Test Type: Pre-Employment                                     506 E State Parkway
Collection Date/Time: 02/12/2007 08:42 AM                     Schaumburg, IL 60173
Batch ID: 20070214                               Collection Site: TALLASSEE FAMILY CARE
Specimen ID: 6662214                                          118 HERON HILL ROAD
Date COC Received: 02/12/2007                                 TALLASSEE, AL  36078
Sample Type: Urine                               Specimen Collector: JANE BELLEW

| Substance Tested | Result   |          | Substance Tested | Result   |
| ---------------- | -------- | -------- | ---------------- | -------- |
| Amphetamines     | Negative |          | Cocaine          | Negative |
| Marijuana        | Negative |          | Phencyclidine    | Negative |
| Opiates          | Negative |          |                  |          |

Horacio Maraflott M.D. MRO

2/14/2007
Verification Date

CONFIDENTIAL
ADS / CANNON
0069

personal



**KENT V. KLINNER, JR., M.D.**
**1711 PEPPERELL PARKWAY**
**OPELIKA, AL 36801**
**(334)745-7098**

EMPLOYEE NAME _Robert Cannon_ COLLECTION DATE _2-12-07_

ID/SS# _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_

TIME OF COLLECTION _10:18 AM_ NAME OF COLLECTOR _TJ Curtis_

_Robert Cannon_
DONOR'S SIGNATURE                    COLLECTOR'S SIGNATURE

LOCATION OF TEST: 1711 PEPPERELL PKWY, OPELIKA, AL 36801

TIME OF TEST _10:20_ (AM/PM)

TEST OPERATOR _TJ Curtis_

TESTING RESULTS

COCAINE _neg_
AMPHETAMINES _neg_
THC _neg_
OPITAES _neg_
PCP _neg_

REMARKS _____

CUSTODY AND CONTROL
SPECIMEN RECEIVED BY _TJ Curtis_ DATE _2-17-07_
SPECIMEN DESTROYED BY _TJ Curtis_ DATE _2-17-07_

_Robert Cannon_
DONOR'S SIGNATURE                    COLLECTOR'S SIGNATURE

CONFIDENTIAL
ADS / CANNON
0084

```
 1              I'm going to get Coke off the back of that

 2              truck if it's the last thing I do.  He was

 3              talking about Coke Conway, the white guy.

 4     Q.       Okay.

 5     A.       So when I went and took this drug screen --

 6              That's why I come back on my own and paid

 7              out of my pocket and took one.

 8                       (Defendant's Exhibit 12 was marked

 9                        for identification.)

10     Q.       I'm going to mark as Defendant's Exhibit 12

11              a drug screen from Kent V. Klimmer (sic).

12              Do you recognize this?

13     A.       From Dr. Klinner.

14     Q.       Do you recognize that, Mr. Cannon?

15     A.       Yes.

16     Q.       Is this the result -- Are these the results

17              of the drug test you took from Dr. Klimmer?

18     A.       Yes.

19     Q.       Okay.

20                       MR. DOUGLAS:  Just for the Record

21                          it's Klinner, K-L-I-N-N-E-R.

22                       MR. DYKES:  Klinner.

23                       MR. DOUGLAS:  It looks like an M
```

76

1    Q.    So the issue you had was you got done

2          sooner which left you to help out more?

3    A.    Yes.

4    Q.    What were you wanting them to do to help

5          you?

6    A.    I was wanting everybody to pull they load,

7          everybody do they own route and then just

8          be -- That's it.  Because it wasn't fair to

9          me to keep doing an hour and two hours

10         every day on somebody else's route.

11                    (Defendant's Exhibit 9 was marked

12                        for identification.)

13   Q.    I'm going to mark as Defendant's Exhibit 9,

14         a collection form for urinalysis test.  Do

15         you recognize this form that's been marked

16         as Defendant's Exhibit 9?

17   A.    Yes.

18   Q.    Is that your signature on Defendant's

19         Exhibit 9?

20   A.    Yes.

21   Q.    Is that your social security number at the

22         top of Defendant's Exhibit 9, the 428 --

23         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?

```
 1              I responded to him, I said, Danny, the
 2         same day I took that drug screen I gave you
 3         a copy where I went by a doctor.  He said,
 4         we can't recognize your personal doctor.  I
 5         said, well, he's not my personal doctor;
 6         it's just a doctor office I stopped by to
 7         take a drug screen.  I said, and I gave it
 8         to you.  He said, well, I gave it to
 9         Russell.  I said, well, you still firing me
10         saying that that drug screen was positive.
11         He said, well, Russell told me to terminate
12         you.  I said, well, okay.
13    Q.   Anything said about your race when he was
14         terminating you?
15    A.   No.
16    Q.   Do you know who made the decision to
17         discharge you?
18    A.   No.
19    Q.   Did you ask Danny why he was following you?
20    A.   Yes, I did.
21    Q.   What did he tell you?
22    A.   I asked him that -- Well, that Wednesday I
23         didn't say nothing to him.  But that
```

105

1    A.    Lie.

2    Q.    How do you think you were slandered?

3    A.    Well, when he lied about that, I mean, that

4          gave me a bad rep, a bad name.  It will

5          hurt me in the future as far as getting

6          jobs or anything else.

7    Q.    Do you know if anything was written that

8          you're complaining about?

9    A.    If anything was written?

10   Q.    Was written down that you're complaining

11         about.

12   A.    You're saying did I write anything down?

13   Q.    That -- If Advanced Disposal did.  In the

14         documents you produced there was a thing to

15         Ann Dora's.  I'm going to mark it as

16         Defendant's Exhibit 19.

17               (Defendant's Exhibit 19 was marked

18                for identification.)

19   A.    Ann Dora's.

20               MR. DOUGLAS:  What's your

21                question?  I'm sorry.

22   Q.    Are you complaining about what was

23         submitted to Ann Dora's, which is indicated

106

```
 1        in Defendant's Exhibit --
 2   A.   Oh, yes.
 3   Q.   Okay.  And this was in the documents that
 4        you've already given us today?
 5   A.   Yes.
 6   Q.   What are you complaining about from this
 7        document marked as Defendant's Exhibit 19?
 8   A.   I'm complaining about where it's saying in
 9        here that I had positive drug urine and
10        violated the drug and alcohol policy.  And
11        I'm also complaining about the date results
12        on there.  She said the date come back on
13        3/9/07, but the date come back on 2nd 14,
14        '07.
15   Q.   Your employment ended on 3/9/07; is that
16        right?
17   A.   Yes, employment ended.  But the way it --
18        Okay.  I'm just going by the way it reads
19        to me.
20   Q.   Right.  I understand.  I understand.
21   A.   Uh-huh (positive response).
22   Q.   Any other ways?  Any other ways that you're
23        claiming that you were slandered?
```

04/02/2007 12:37    13342422157                WALLACE BUILDING                    PAGE 01/02

# ANN`DORA'S CUSTOM WROUGHT IRON



**DEFENDANT'S EXHIBIT**
19

504 B Fairview st.
Montgomery, AL 36104
Telephone: (334) 224-0591 Fax: (334) 242-2157

---

## FACSIMILE COVER SHEET

*From*

**To:** ~~Cherry~~ Sherry

**With:**

**Phone #**

**Fax #**

**Comments:** Please fill out Information and Return

If there is no inconvenience please respond back as soon as possible.
Thank You for Your Cooperation and Have a Great Day.

*To*

**From:** Amy

**Total number of pages faxed:** 2 (including cover sheet)

**Date** 4/2/07

CONFIDENTIAL
ADS / CANNON
0057

04/02/2007  12:37   13342422157              WALLACE BUILDING                    PAGE  02/02

## PREVIOUS EMPLOYER INFORMATION REQUEST

FROM: ANN DORA'S
504 B FAIRVIEW ST
MONTGOMERY, AL 36104
334-224-0591 FAX 334-242-2157
CONTACT: ANTHONY FLOYD

PREVIOUS EMPLOYER
COMPANY: _Sun Flower Waste LLC_
STREET: _115 Herren Hill Rd._
CITY: _Tallassee    AL,   36078_
PHONE _334_ _252-0458_ FAX _283-2670_

THE PERSON NAMED BELOW HAS MADE APPLICATION FOR EMPLOYMENT AT ANN DORA'S AS A DRIVER. YOUR NAME WAS GIVEN AS A PAST/PRESENT EMPLOYER. YOUR PROMPT ATTENTION AND RESPONSE WILL BE GREATLY APPRECIATED.

APPLICANTS NAME _Robert Cannon_          DATE _3/28/07_
SOCIAL SECURITY # _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_ DRIVERS LICENSE# _4492920_     STATE _AL_
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* ABOVE FILLED OUT BY APPLICANT \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DATE OF EMPLOYMENT _1-23-07_ TO _3-9-07_ POSITION HELD _Res Driver_
INDICATE EQUIPMENT OPERATED: _✓_ STRAIGHT TRUCK ___ TRACTOR TRAILER
                                    TYPE OF TRAILER
TYPE OF DRIVING? _✓_ LOCAL _____ OVER THE ROAD
IN COMPLIANCE WITH 49 C.F.R. 382, WAS THIS APPLICANT SUBJECT TO FEDERAL ALCOHOL
& DRUG TESTING? _✓_ YES ___ NO
DID HE/SHE TEST POSITIVE ON DRUG TEST? _✓_ YES ___ NO ALCOHOL .04>? ___ YES _✓_ NO
IF YES, GIVE DATE AND EXPLAIN. _3-9-07 / results came back in reference to pre-employment testing - had to take 2 tests - 1st test had wrong SSN# on it_
HAS THIS PERSON, IN THE LAST 2 YEARS, HAD ANY DRUG OR ALCOHOL VIOLATIONS? _✓_ YES ___ No _so we retested_
IF YES, EXPLAIN. _____ _See Above_
REASON FOR LEAVING _____ _Terminated!_

WOULD YOU REHIRE? ___ YES _✓_ NO   IF NO, PLEASE EXPLAIN _violation of drug & Alcohol policy_

WAS THIS PERSON INVOLVED IN ANY ACCIDENTS? ___ YES _✓_ NO   IF SO, WHEN?

WAS ACCIDENT EMPLOYEES FAULT? ___ YES ___ NO  IF YES, EXPLAIN _N/A_

NAME OF PERSON SUPPLYING INFORMATION _Sherry Beasley_          TITLE _Office Manager_
                            SIGNATURE _Sherry Beasley_           DATE _4-2-07_

APPLICANT WAIVER
FORMER EMPLOYER: _____          DATE _____

I HEREBY AUTHORIZE YOU TO RELEASE THE ABOVE INFORMATION ALONG WITH ANY MEDICAL INFORMATION THAT MIGHT AFFECT MY ABILITY TO PERFORM IN THE POSITION I HAVE APPLIED FOR.

APPLICANT'S SIGNATURE _Robert Cannon_  WITNESS _Bill Lucas_

Please Fax RESPONSE: 1-334-242-2157

CONFIDENTIAL
ADS / CANNON
0058

# EXHIBIT B

# DEPOSITION EXCERPTS OF

# SHERRY BEASLEY

1        ADP, get it back, just preview it and then

2        accept it.

3    Q.  What's ADP?

4    A.  It's the people who process our checks.

5    Q.  An outside company?

6    A.  Yes.

7    Q.  With regard to your duties concerning

8        customer service, what do you do?

9    A.  I handle customer service complaints.  I

10       have customer service reps that take phone

11       calls and help the customers.  If they have

12       an issue or a problem with an account, I

13       help them with that.

14   Q.  Is it fair to say that you're available to

15       help the customers with whatever complaints

16       they may have?

17   A.  Yes.

18   Q.  And your company is in the business of

19       what?

20   A.  Waste hauling.

21   Q.  And in layman's terms, what does that mean?

22   A.  Picking up garbage.

23   Q.  And doing what with it?

# EXHIBIT C

# DECISION ON UNEMPLOYMENT

# COMPENSATION CLAIM

**STATE OF ALABAMA**
**DEPARTMENT OF INDUSTRIAL RELATIONS**
**HEARINGS AND APPEALS DIVISION**
**MONTGOMERY, ALABAMA   36130**



## DECISION ON UNEMPLOYMENT COMPENSATION CLAIM

**CLAIMANT**

ROBERT J CANNON
426 B TOOMER CT
OPELIKA AL 36801

**EMPLOYER**

JACKSON II DONWARD W ETAL
SUNFLOWER WASTE LLC
PO BOX 781150
TALLASSEE AL 36078-1150

| | |
|---|---|
| **APPELLANT** : EMPLOYER | **DATE MAILED** : 04/20/07 |
| **LOCATION** : MONTGOMERY | **CASE  NO.** : 03502-AT-07 |
| (TELEPHONE) | **S. S. NO.** : 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 |
| **OC  NO.** : 00-74 | **HEARING DATE** : 04/13/07 |

**APPEARANCES AT THE HEARING:** Claimant and employer representative with observer

**ISSUE(S):** Whether the claimant was discharged or removed from work for a dishonest or criminal act committed in connection with work or for sabotage or an act endangering the safety of others or for the use of illegal drugs after previous warning or for the refusal to submit to or cooperate with a blood or urine test after previous warning. Section 25-4-78(3)(a) Code of Alabama 1975

Availability for work. Section 25-4-77(a)(3) Code of Alabama 1975

**FINDINGS:** This employer, with whom the claimant had most recent bona fide work, appealed an Examiner's determination on a claim for unemployment benefits.

The claimant worked for the listed employer as a CDL driver from January 23, 2007, until March 9, 2007. The employer requires a pre-employment drug test, which the claimant took on January 22, 2007, before beginning work the following day. Because the employer was in the process of changing medical review officers, the results were not returned immediately. When the manager noticed the misspelling of the claimant's name, although the social security number was correct, the manager then asked the claimant to take another drug test, which he did, on February 12, 2007. On that same day, approximately two hours later, the claimant went to his own doctor, took the drug test, and returned the results to the employer, showing that it was negative. The results of the second drug test completed by the employer were also negative. The employer has a drug policy, which has been in effect for at least seven years. The claimant received a copy of the policy. The employer falls under the Department of Transportation's regulations. All employees are subject to drug testing. Their doctor's office collects the specimen, which is then sent to the medical review officer for the results. The results of the pre-employment test were returned on March 6, 2007. The manager's supervisor instructed him to terminate the claimant, based upon the positive results of the first drug test taken, which he did on March 9, 2007.

**CONCLUSIONS:** Section 25-4-78(3)(a) of the Law requires a disqualification of an individual discharged or removed from work for a dishonest or criminal act committed in connection with work or for sabotage or an act endangering the safety of others or for the use of illegal drugs after previous

warning or for the refusal to submit to or cooperate with a blood or urine test after previous warning. The evidence presented in this case shows that although the claimant was given a test before employment, which was returned positive, his subsequent tests, as an employee of the company, were negative. In addition, he provided another drug test result showing negative from his own personal doctor. The evidence does not show that he would be subject to a disqualification under this section of the Law.

Section 25-4-77(a)(3) of the Law provides that an unemployed individual shall be eligible to receive benefits with respect to any week in a benefit year only if the Director finds that he is physically and mentally able and available to perform work of a character which he is qualified to perform based upon past experience or training. The evidence does not show that he would be unavailable for work. He would, therefore, not be subject to a disqualification under this section of the Law.

**DECISION:** The Examiner's determination under the provisions of Section 25-4-78(3)(a) of the Law is affirmed. No disqualification is imposed.

The claimant remains eligible for benefits under Section 25-4-77(a)(3) of the Law.

**APPEAL RIGHTS:** This decision becomes final unless an application for leave to appeal to the Board of Appeals is received in writing at the Department address above or by fax at 334-242-0539 on or before the **FINAL DATE OF May 7, 2007.**

Jo Ann S. Holder
Administrative Hearing Officer

JSH/amr