IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION NO. |
| ADVANCED DISPOSAL ) | 3:07cv846-wkw |
| SERVICES ALABAMA L.L.C., ) | |
| d/b/a SUNFLOWER WASTE ) | |
| L.L.C., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT[1]**

Plaintiff's opposition to defendant Advanced Disposal Services Alabama L.L.C.'s, d/b/a Sunflower Waste, ("ADS" or "defendant") Motion for Summary Judgment is filled with supposition and conjecture. However, Rule 56(e) of the Federal Rules of Civil Procedure provides, in part, that:

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. . . .

---

[1] Plaintiff does not respond to ADS' arguments that he was not discriminated against in the terms and conditions of his employment and that ADS did not defraud him by telling him he would be properly drug tested. Therefore, plaintiff has waived those claims, and they are due to be dismissed. See Glidewell v. Town of Gantt, 176 F. Supp. 2d 1263, 1266 (M.D. Ala. 2001) (finding that plaintiff had abandoned claims that were not raised in opposition to a motion for summary judgment).

Plaintiff's opposition to summary judgment fails to set forth specific facts showing that there is a genuine issue for trial. As a result, defendant's Motion for Summary Judgment is due to be granted.

**I.      PLAINTIFF'S JANUARY 22, 2007 DRUG TEST**

Plaintiff's opposition and entire case is centered on the single premise that he did not test positive on the January 22, 2007 drug test because he testified he was not under the influence of drugs, his last name was spelled with an "R" instead of a "C,"[2] and the test was not signed by a medical review officer. However, plaintiff fails to offer any evidence that ADS did not have a good faith belief that he tested positive for cocaine. In fact, the evidence is undisputed that the plaintiff's social security number was on the results, the specimen number from the sample matched the results, the collection date and time from the sample matched the results, and the collector of the specimen matched the collector on the results. (Pl. Depo. p. 80, lines 5-20 & Exhs. 9-10). Moreover, the records from St. Louis MRO shows that a medical review officer verified the results of the January 22, 2007 drug test. (See Subpoenaed Records from St. Louis MRO, Inc., Exh. H to ADS' Evidentiary Submission in Support of Summary Judgment). For these reasons, plaintiff fails to create a genuine issue of material fact over whether

---

[2] Plaintiff claims that the last name was spelled "Ranyon" instead of Cannon; however, defendant asserts that the last name was spelled "Rannon."

468722.1                                   2

plaintiff failed the drug test, much less whether ADS had a good faith belief that he failed the drug test.

## II. FACTUAL ERRORS

On page 3 of his brief, plaintiff infers that Danny Futral made the decision to fire plaintiff; however, Mr. Futral simply followed the instructions of Russell Davis to terminate plaintiff's employment. Mr. Futral had no involvement in the decision to terminate plaintiff's employment. Instead, Glenn Guest discovered that plaintiff had a positive drug test, and he informed Tom Davis, Corporate Director of Safety, of the failed drug test. (Guest Depo. p. 41, lines 21-23, p. 42, lines 1-5). Then, Mr. Davis contacted Russell Davis and instructed him to terminate plaintiff's employment for the failed drug test. (Davis Dec. ¶ 2).

On pages 3-4 of his brief, plaintiff indicates that plaintiff was denied employment at Ann Dora's "due to the Defendant's publication to Ann Dora's that Mr. Cannon had failed a drug test." There is absolutely no evidence that Ann Dora's did not hire plaintiff because of the report from ADS that plaintiff failed a drug test. The citations from plaintiff provide no such support. Instead, plaintiff's own testimony indicates that employers just tell him "they are not hiring" and do not give the reason. (Pl. Depo. p. 114, lines 3-10).

Finally, on page 7 of his brief, plaintiff references the Decision on Plaintiff's Unemployment Claim and indicates the Department of Industrial Relations made a

determination that plaintiff was not discharged for cause. The Decision makes no such finding. Instead, the decision indicates that plaintiff was not discharged for the use of illegal drugs after previous warning or for failure to cooperate with a blood or urine test after previous warning.

### III.   PLAINTIFF'S DISCHARGE CLAIM IS DUE TO BE DISMISSED

Plaintiff cannot prove a *prima facie* case of discrimination. First, DOT regulations prohibit ADS from allowing plaintiff to drive if he fails a drug test. See 49 C.F.R. § 382.501(b). ADS had a good faith belief plaintiff failed the drug test, so he was not qualified to drive. Second, the undisputed evidence shows that Coke Conway did not replace plaintiff; instead, William Perry (B) replaced him. (Guest Dec. ¶ 4 & Exh. 1). Plaintiff's statement to the contrary is insufficient to create a genuine issue of material fact. Moreover, plaintiff has shown no similarly situated white employees who were treated differently. As such, plaintiff cannot prove a *prima facie* case of discrimination, and his claim is due to be dismissed.

Significantly, plaintiff's analysis stops after his explanation of why he believes he can prove a *prima facie* case of discrimination. Plaintiff offers no argument to rebut ADS' legitimate, nondiscriminatory reason or to question its good faith belief that plaintiff failed the drug test. Moreover, plaintiff offers no evidence of pretext because his assertion that Danny Futral, a non-decisionmaker,

preferred Coke Conway to plaintiff, is insufficient. Therefore, plaintiff's claim is due to be dismissed.

### IV. PLAINTIFF'S SLANDER CLAIM FAILS

Plaintiff's support for his slander claim is that the statement to Ann Dora's that he failed the drug test was false. However, as discussed in Section I, plaintiff has not created a genuine issue of material fact over whether he failed the drug test. Further, plaintiff claims that there is no privilege because the statement was false; however, plaintiff has failed to show any malice by ADS in informing Ann Dora's that he failed the drug test. In fact, prior to releasing the information, Ms. Beasley reviewed the discharge paperwork and spoke with Russell Davis, Operations Manager, about the separation. (Beasley Depo. p. 39, lines 10-23, p. 40, lines 1-18, p. 43, lines 4-19). Therefore, there is no evidence of malice, and plaintiff's claim is due to be dismissed.

Finally, plaintiff has not shown any negligence by ADS in releasing the information to Ann Dora's, and he has not shown any actual, monetary damage. Plaintiff's claim of damages is simply supposition, which is insufficient.

For these reasons, plaintiff's slander claim is due to be dismissed.

### V. PLAINTIFF'S FRAUD CLAIM FAILS

Plaintiff claims that the alleged false communication was the statement to Ann Dora's and that the only issue is whether plaintiff can rely on the

468722.1                                                    5

representation to Ann Dora's. That is not the only issue. As previously explained, there was no false statement made to Ann Dora's. Further, while plaintiff may maintain a claim for a misrepresentation to a third party, such a claim will support fraud allegations "only when there is sufficient evidence of an intent on the part of the speaker to communicate to the third party in such a way as to induce the plaintiff to act. <u>Bush v. Teachers Insurance and Annuity Ass'c of America</u>, 2006 WL 3075539, *3 (M.D. Ala. Oct. 30, 2006) (<u>quoting</u> <u>Delta Health Group, Inc. v. Stafford</u>, 887 So. 2d 887, 889 (Ala. 2004). There is absolutely no evidence that plaintiff relied on the information provided to Ann Dora's, much less that he took any action based upon the information provided to Ann Dora's. Finally, plaintiff cannot prove any damage. Therefore, plaintiff's claim is due to be dismissed.

## CONCLUSION

ADS received a positive drug test that matched plaintiff's social security number, among other things. Therefore, ADS terminated plaintiff's employment. Had ADS not terminated plaintiff's employment and allowed him to continue driving it would have been in violation of DOT regulations. Then, pursuant to DOT regulations, ADS informed a potential employer that it had terminated plaintiff's employment for failing a drug test. Had ADS not informed Ann Dora's that it terminated plaintiff's employment for failing a drug test, it would have been in violation of DOT regulations. Now, instead of taking responsibility for his

468722.1                                        6

actions, plaintiff has filed this lawsuit against ADS simply because it acted responsibly in terminating his employment. Therefore, defendant Advanced Disposal Services Alabama L.L.C., d/b/a Sunflower Waste, respectfully requests that the Court grant its Motion for Summary Judgment and dismiss plaintiff's claims with prejudice.

        Respectfully Submitted,

        */s/ J. Tobias Dykes*
        J. Tobias Dykes (ASB-0483-E66J)
        Direct Dial No.: (205) 226-5469
        CONSTANGY, BROOKS & SMITH, LLC
        Suite 900, One Federal Place
        1819 Fifth Avenue North
        Birmingham, AL 35203
        Facsimile:   (205) 323-7674

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 15, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James B. Douglas, Jr.
McNeal & Douglas, Attorneys at Law, L.L.C.
P.O. Box 1423
Auburn, Alabama 36831

                                                */s/ J. Tobias Dykes*
                                                Tobias Dykes