IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT CANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:07-CV-846-WKW [WO] |
| ) | |
| ADVANCED DISPOSAL SERVICES ) | |
| ALABAMA LLC, d/b/a SUNFLOWER ) | |
| WASTE, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant Advanced Disposal Services Alabama LLC's ("ADS") Motion for Summary Judgment.  (Doc. # 11.)  Plaintiff Robert Cannon ("Cannon") filed a Brief in Opposition (Doc. # 13) to which ADS filed a Reply (Doc. # 15).  Mr. Cannon has sued ADS for discrimination based on race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and 42 U.S.C. § 1981 (§ 1981),[1] and for various state law claims.  Having carefully reviewed the submissions of evidence and the briefs of the parties, and after careful consideration of the law applicable to the case, the court finds that there are no material facts in dispute with respect to the federal claims and that ADS is entitled to judgment as a matter of law on those claims.

---

[1] The same analysis applies to claims under Title VII and § 1981.  *See Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 (11th Cir. 2002) ("[A]s we have repeatedly held, '[b]oth of these statutes [(*i.e.*, section 1981 and Title VII)] have the same requirements of proof and use the same analytical framework.'" (second and third alterations in original) (citation omitted)).

The following are the relevant facts.[2]  ADS provides commercial and residential waste management services, including garbage pickup, throughout the Southeast.  In late 2006, ADS acquired the municipal contract for Phenix City, Alabama, a contract formerly held by a competitor for whom Mr. Cannon worked as a driver.  Mr. Cannon, an African-American male, applied for employment with ADS to continue driving the Phenix City routes.  As a condition of employment, Mr. Cannon was required to submit a urine sample for a pre-employment drug test, which he did on January 22, 2007.  Prior to the drug test results being reported, ADS hired Mr. Cannon to continue the Phenix City route out of the Tallassee, Alabama, company facility.  This was consistent with ADS's policy of hiring drivers who had been subject to drug testing.  (Guest Decl. (Doc. # 12-4).)

Mr. Cannon failed the pre-employment drug test.[3]  His immediate supervisor, Danny Futral ("Futral"), instructed Mr. Cannon to take another test, which Mr. Cannon passed on February 12, 2007.  Mr. Cannon also submitted the negative results of a private test dated February 17, 2007, to ADS.  Even though the failed drug test was grounds for termination under ADS's Drug Free Workplace policy in the Employee Handbook (Doc. 12-13 at 8-9), and despite the provisions of 49 C.F.R. § 382.501(b) of the Federal Motor Carrier Safety

---

[2]  The facts are presented in the light most favorable to Mr. Cannon.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[3]  While the social security number on the test matched Mr. Cannon's, and the collection date and time and collector were accurate, the result was returned in the name of "Rannon" instead of Cannon.

Regulations ("DOT regulations") prohibiting driving a commercial vehicle after failing a drug test,[4] Mr. Futral did not remove Mr. Cannon from driving or terminate his employment.

In late February or early March, 2007, Glenn Guest ("Guest"), Director, Corporate Human Resources in the home office, discovered that Mr. Cannon had failed the drug test but was still employed. Mr. Guest contacted the corporate safety director, Tom Davis ("Davis"), who reviewed the test results and directed Mr. Futral's immediate supervisor to terminate Mr. Cannon. On March 9, 2007, pursuant to his instructions, Mr. Futral terminated Mr. Cannon for failing the pre-employment drug test in January. Neither Mr. Guest nor Mr. Davis knew Mr. Cannon.

Mr. Cannon has no direct evidence of racial discrimination. To prove a *prima facie* case by circumstantial evidence, he must therefore establish that he (1) is a member of a protected class, (2) was qualified to perform his job, (3) was terminated, and (4) and that there is some evidence creating an inference of discrimination. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004) ("The methods of presenting a prima facie case are not fixed; they are flexible and depend to a large degree upon the employment situation."). If Mr. Cannon establishes a *prima facie* case, ADS must respond with a legitimate, nondiscriminatory reason for the termination. *Id.* To ultimately survive summary

---

[4] "No employer shall permit any driver to perform safety sensitive functions, including driving a commercial motor vehicle, if the employer has determined that the driver violated this section." 49 C.F.R. § 382.501(b).
    "No driver shall report for duty, remain on duty or perform a safety-sensitive function, if the driver tests positive . . . for controlled substances. No employer having actual knowledge that a driver has tested positive . . . for controlled substances shall permit the driver to perform or continue to perform safety-sensitive functions." 49 C.F.R. § 382.215.

judgment, Mr. Cannon must demonstrate that ADS's articulated reasons were pretextual, and that the real reason for his termination was his race. *Id.*

Mr. Cannon stumbles on his *prima facie* case in two ways. First, he is unable to establish that he is qualified, having failed the pre-employment drug test. He has not overcome ADS's evidence that the DOT regulations prohibit a person who has failed a drug test from operating a commercial motor vehicle, nor its evidence that ADS had a policy authorizing termination of any driver who failed a drug test. Second, he is unable to establish even an inference of racial discrimination on the part of ADS. Mr. Cannon believes that Mr. Futral was angry with him and quotes Mr. Futral as saying that he will get a white helper off the back of another truck (implying a promotion to driver) "if it's the last thing I do." (Pl. Dep. 85.) Mr. Cannon believes that the white helper took his (Mr. Cannon's) job after he was terminated, but Mr. Cannon has not refuted the evidence produced by ADS that the white employee in question was a driver before Mr. Cannon was terminated. (Guest Decl.) Nor is there evidence of a similarly-situated employee outside Mr. Cannon's protected class being treated more favorably.[5] *See Burke-Fowler v. Orange County, Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) ("When a plaintiff alleges discriminatory discipline, to determine whether employees are similarly situated, we evaluate 'whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.'" (citation omitted)). The record is silent as to any other evidence that could reasonably give rise to an

---

[5] Thus, to the extent Mr. Cannon claims he was discriminated against in his terms and conditions of employment, that claim also fails. *See Hawkins v. Ceco Corp.*, 883 F.2d 977, 984-85 (11th Cir. 1989).

inference of racial animus toward Mr. Cannon. Having failed to establish a *prima facie* case by circumstantial evidence, Mr. Cannon's federal claims fail.[6]

There are no claims of original jurisdiction remaining. Pursuant to 28 U.S.C. § 1367(c)(3), the court declines in its discretion to exercise supplemental jurisdiction over the state law claims. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) ("We have encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial.").

Accordingly, it is ORDERED that:

(1) ADS's Motion for Summary Judgment (Doc. # 11) is GRANTED as to the federal claims; and

(2) The remaining state-law claims are DISMISSED without prejudice, pursuant to 28 U.S.C. § 1367(c)(3).

An appropriate judgment will be entered.

Done this 27th day of March, 2009.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[6] Even if Mr. Cannon were able to establish a circumstantial *prima facie* case, on the record before the court he would be unable to overcome ADS's stated reason for termination.